MSS MEISTER SEELIG & SCHUSTER

Alexander Malbin, Esq.
Counsel
arm@mss-pllc.com
Tel: (212) 655-3540

September 8, 2026

**LETTER-MOTION – FILED VIA ECF**

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** ***Bubble Beauty, Inc. v. 1135 Skincare, LLC d/b/a Saint Crewe***
**Civil Action No. 1:26-cv-05499**
**Joint Letter-Motion for Stay**

Dear Judge Rochon,

We represent the Plaintiff, Bubble Beauty, Inc. ("Bubble"), in the above-referenced action. Joined by and with the consent of the Defendant in this action, 1135 Skincare, LLC d/b/a Saint Crewe ("Saint Crewe"), and in accordance with Local Civil Rule 7.1(e) of the Local Rules of the U.S. District Court for the Southern District of New York, Rule 13.1 of the Electronic Case Filing Rules of this Court, and Your Honor's Individual Rules of Practice in Civil Cases, we write to jointly request a stay of proceedings in this action, including as to briefing on the Motion to Dismiss filed by Saint Crewe on Wednesday, September 2, 2026 (Dkt. 18) (the "Motion"), and adjournment of the Initial Pretrial Conference in this action presently scheduled to be held on September 24, 2026 at 2:30 p.m. (*see* Dkt. 10).

The basis of this request is as follows:

This action involves claims of trade dress infringement under the Lanham Act and related state and common law brought by Bubble against Saint Crewe. Bubble filed this action against Saint Crewe on June 29, 2026 (*see* Dkt. 1). Previously, on May 18, 2026, Saint Crewe filed an action against Bubble in the U.S. District Court for the Northern District of Texas, Civil Action No. 4:26-cv-00604-O (the "Texas Action"), asserting a cause of action for a declaratory judgment of non-infringement with respect to trade dress infringement allegations asserted against it by Bubble in pre-suit correspondence in April and May 2026. Saint Crewe's Motion seeks to dismiss this action primarily on the basis of the "first-to-file" rule, arguing that dismissal is warranted because this action and the Texas Action involve mirror-image claims of trade dress infringement and non-infringement and the Texas Action was filed first.[1]

[1] *See, e.g.*, *Burke v. Bimbo Bakeries USA, Inc.*, No. 19-cv-11101, 2020 WL 4547219, *2 (S.D.N.Y. Aug. 6, 2020) (under first-to-file rule, "dismissal of the second-filed action may be appropriate where proceedings involving the same parties and issues are pending simultaneously in different federal courts"); *see also* Motion pp. 6-9.

On July 26, 2026, Bubble filed a motion to dismiss the Texas Action on grounds that the Texas Action was an improper anticipatory declaratory-judgment suit, which constitutes compelling circumstances that justifies the court to deviate from the first-to-file rule and decline to exercise declaratory-judgment jurisdiction over the action.[2] On August 6, 2026, Saint Crewe filed a brief in opposition to Bubble's motion to dismiss the Texas Action, and on August 20, 2026, Bubble filed a reply brief in further support of its motion. Hence, Bubble's motion to dismiss the Texas Action is fully briefed, and pending a decision by the Northern District of Texas court.

In this situation, where two actions involving substantially the same issues are pending in two different federal courts, the court of the first-filed action is properly vested with the discretion of whether to hear the action or to dismiss that action and permit the second-filed action to proceed, and the court of the second-filed action should generally defer to the discretion of the court of the first-filed action as to which action should proceed. *See In re Goebel*, 184 F.4th 59, 72 (2d Cir. 2026) ("While the decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion, normally [s]ound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated, and a district court can go beyond the allowable bounds of discretion when it refuses to stay or dismiss a duplicative suit") (citations & internal quotation marks omitted); *MSK Ins., Ltd. v. Emps. Reins. Corp.*, 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002) (granting motion to stay pending resolution by Kansas federal court of parallel prior-filed action as to which action would proceed: "This District has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case" (citations omitted).[3]

This rule is applied where one of the two actions is a declaratory-judgment action seeking a declaration of trademark or trade dress non-infringement and the other is an affirmative action for trademark or trade dress infringement. *See, e.g., Mastercard Intern. Inc. v. First Nat. Bank of Omaha, Inc.*, No. 02 Civ. 3691(DLC), 2002 WL 31521091, *1 (S.D.N.Y. 2002) (declining to dismiss first-filed non-infringement declaratory-judgment action in favor of later-filed infringement action in District of Nebraska federal court); *Sport Supply Grp., Inc. v. R&G Prods., Inc.*, No. 3:08-cv-02031-O, 2009 WL 10677398, *2-3 (N.D. Tex. Sept. 30, 2009) (dismissing first-filed non-infringement declaratory-judgment action in favor of later-filed infringement action in Middle District of Pennsylvania federal court).

The parties agree that this action and the Texas Action involve substantially the same issues – in this action, Bubble asserts trade dress infringement claims and related state and common law claims, and in the Texas Action, Saint Crewe seeks a declaration of non-

[2] *See, e.g., Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, No. 3:04-cv-1213-G, 2004 WL 2607987, *4-9 (N.D. Tex. Nov. 16, 2004) (dismissing first-filed non-infringement declaratory-judgment action as improper anticipatory suit in favor of later-filed infringement action).

[3] The Northern District of Texas, applying Fifth Circuit precedent, adheres to the same rule in these circumstances. *See Mill Creek*, 2004 WL 2607987 at *4 ("When substantially related cases are pending before two federal courts, 'the court initially seized of a controversy should be the one to decide whether it will try the case.' … [O]nce it is shown that there is 'substantial overlap' between two cases, the court in which the case is first filed decides which of the two cases should proceed"), *quoting Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) *and Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999) (add'l citation omitted).

infringement of any protectable trade dress owned by Bubble. (*See* Dkt. 1; Dkt. 18-2 [Saint Crewe's Complaint in the Texas Action].) The parties also agree that the Texas Action was filed first, and therefore, the court of the Texas Action is properly vested with the discretion of whether to hear that case or dismiss in favor of this action proceeding. And, the parties also agree that the circumstances call for a stay of this action to permit the court of the Texas Action to rule upon Bubble's motion to dismiss pending before it and decide whether to allow that action to proceed or dismiss in favor of this action. *See MSK, supra* at 267 (granting stay in analogous circumstances); *see also Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 556 n. 4 (S.D.N.Y. 2000) ("[I]t is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies … Thus, courts in which the second-filed actions were brought have generally refrained from ruling pending a determination by the court of first-filing") (citations omitted).

In keeping with this legal authority as well as in interests of judicial economy and avoiding unnecessary use of the Court's and the parties' time and resources, the parties respectfully submit, and jointly request by this letter-motion, that this Court should enter a stay of this action pending resolution by the Northern District of Texas court of the fully-briefed motion to dismiss pending before it and whether to allow the Texas Action or this action to proceed. The parties respectfully propose that this stay include a stay of further briefing on Saint Crewe's Motion, as to which Bubble's opposition is presently due to be filed on or before September 23, 2026 (*see* Dkt. 18), as well as an adjournment of the Initial Pretrial Conference scheduled to be held on September 24, 2026 (*see* Dkt. 10)[4], until after a ruling is issued in the Texas Action.

Saint Crewe, through counsel, has consented to and joins this request.

Thank you for your time and consideration.

Very truly yours,

**MEISTER SEELIG & SCHUSTER PLLC**

By: ***/s/ Alexander Malbin***
Alexander Malbin, Esq.
*Counsel for Plaintiff,*
*Bubble Beauty, Inc.*

Request GRANTED. The parties' Initial Pretrial Conference is adjourned *sine die*. The Clerk of Court is respectfully directed to STAY this matter pending a ruling on the motion to dismiss in the Texas Action. The parties shall submit a joint status letter every six months (or upon receipt of the ruling, if earlier), updating the Court on the status of the Texas Action, with the first of such letters being due on **March 8, 2027**. This order terminates the motion at Dkt. 19.

**SO ORDERED.**

Dated: September 9, 2026
New York, New York

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**

[4] This is the parties' first request for adjournment of the Initial Pretrial Conference.